William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BAUSCH HEALTH US, LLC f/k/a VALEANT PHARMACEUTICALS NORTH AMERICA LLC; BAUSCH HEALTH IRELAND LIMITED f/k/a VALEANT PHARMACEUTICALS IRELAND LTD.; BAUSCH HEALTH AMERICAS, INC. f/k/a VALEANT PHARMACEUTICALS INTERNATIONAL; and KAKEN PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC.; MYLAN LABORATORIES LTD.; and MYLAN INC., <br><br> Defendants. | Civil Action No. 20-2749 <br><br> *Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bausch Health US, LLC ("Bausch," formerly known as Valeant Pharmaceuticals

North America LLC), Bausch Pharmaceuticals Ireland Ltd. ("Bausch Ireland," formerly known as

Valeant Pharmaceuticals Ireland Ltd.), and Bausch Health Americas, Inc. ("Bausch Americas,"

formerly known as Valeant Pharmaceuticals International), and Kaken Pharmaceutical Co., Ltd.

("Kaken") (collectively, "Plaintiffs") by way of this Complaint against Mylan Pharmaceuticals Inc.

1

("Mylan Pharmaceuticals"), Mylan Laboratories Ltd. ("Mylan Labs"), and Mylan Inc. (collectively, "Mylan") allege as follows:

## THE PARTIES

1.      Plaintiff Bausch is a limited liability company organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

2.      Plaintiff Bausch Ireland is a company existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

3.      Plaintiff Bausch Americas is a corporation organized and existing under the laws of Delaware having its principal place of business at 1330 Redwood Way, Petaluma, California 94954.

4.      Plaintiff Kaken is a corporation organized and existing under the laws of Japan having its principal place of business at 20th Floor, Bunkyo Green Court, 28-8, Honkomagome 2-chome, Bunkyo-ku, Tokyo 113-8650, Japan.

5.      Upon information and belief, Mylan Pharmaceuticals is a corporation organized and existing under the laws of West Virginia, having a place of business at 781 Chestnut Ridge Road, Morgantown, WV 26505.  Upon information and belief, Mylan Pharmaceuticals is a wholly-owned subsidiary of Mylan Inc. and an agent or affiliate of Mylan Labs.

6.      Upon information and belief, Mylan Labs is a corporation organized and existing under the laws of India, having a place of business at Plot No. 564/A/22, Road No. 92, Jubilee Hills 500034, Hyderabad, India.  Upon information and belief, Mylan Labs is a wholly-owned subsidiary of Mylan Inc. and an agent or affiliate of Mylan Pharmaceuticals.

7.      Upon information and belief, Mylan Inc. is a corporation organized and existing

under the laws of the Commonwealth of Pennsylvania, having a place of business at 1000 Mylan Blvd., Canonsburg, PA 15317.

## NATURE OF THE ACTION

8.     This is an action for infringement of United States Patent Nos. 10,512,640 ("the '640 patent"); 10,342,875 ("the '875 patent"); and 10,478,601 ("the '601 patent") arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281.  This action relates to Mylan's filing of an Abbreviated New Drug Application ("ANDA") under section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic efinaconazole topical solution, 10% ("Mylan's generic efinaconazole topical solution").[1]

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201–02.

10.     Upon information and belief, this Court has jurisdiction over Mylan Pharmaceuticals.  Upon information and belief, Mylan Pharmaceuticals is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products.  Upon information and belief, Mylan Pharmaceuticals directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Mylan's

---

[1]     A related action against Mylan for infringement of United States Patent Nos. 7,214,506 ("the '506 patent"), 8,039,494 ("the '494 patent"), 8,486,978 ("the '978 patent"), 9,302,009 ("the '009 patent"), 9,566,272 ("the '272 patent"), 9,662,394 ("the '394 patent"), 9,861,698 ("the '698 patent"), 9,877,955 ("the '955 patent"), and 10,105,444 ("the '444 patent") was previously filed in this District.  Case Nos. 3:18-cv-14305, 3:19-cv-8233 (consolidated into No. 3:18-cv-13635).  Mylan was dismissed for lack of venue and that decision is currently on appeal. No. 19-2402 (Fed. Cir.).

generic efinaconazole topical solution. Upon information and belief, Mylan Pharmaceuticals purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Mylan Pharmaceuticals is registered to do business in this judicial district. Upon information and belief, Mylan Pharmaceuticals has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. Upon information and belief, Mylan Pharmaceuticals has a place of business at 110 Allen Rd., Basking Ridge, NJ 07920. Upon information and belief, Mylan Pharmaceuticals publicly touts its New Jersey presence at https://mylanbetterhealth.com/en/us/new-jersey.

11. Mylan Pharmaceuticals has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs— that will be purposefully directed at, upon information and belief, New Jersey and elsewhere. Mylan Pharmaceuticals' ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Mylan Pharmaceuticals intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Mylan Pharmaceuticals will engage in marketing of its proposed ANDA products in New Jersey upon approval of its ANDA.

12. Upon information and belief, this Court has jurisdiction over Mylan Labs. Upon information and belief, Mylan Labs is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Mylan Labs directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Mylan's generic efinaconazole topical solution. Upon

4

information and belief, Mylan Labs purposefully has conducted and continues to conduct business in this judicial district.  Upon information and belief, Mylan Labs is registered to do business in this judicial district.  Upon information and belief, Mylan Labs has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.  Upon information and belief, Mylan Labs has a place of business at 110 Allen Rd., Basking Ridge, NJ 07920.  Upon information and belief, Mylan Labs publicly touts its New Jersey presence at https://mylanbetterhealth.com/en/us/new-jersey.

13.     Upon information and belief, this Court has jurisdiction over Mylan Inc.  Upon information and belief, Mylan Inc. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products.  Upon information and belief, Mylan Inc. directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Mylan's generic efinaconazole topical solution.  Upon information and belief, Mylan Inc. purposefully has conducted and continues to conduct business in this judicial district.  Upon information and belief, Mylan Inc. is registered to do business in this judicial district.  Upon information and belief, Mylan Inc. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.  Upon information and belief, Mylan Inc. has a place of business at 110 Allen Rd., Basking Ridge, NJ 07920.  Upon information and belief, Mylan Inc. publicly touts its New Jersey presence at https://mylanbetterhealth.com/en/us/new-jersey.

14.     Mylan Pharmaceuticals and Mylan Inc. avail themselves of the rights, benefits,

and privileges of this Court by filing at least the following complaints in the District of New Jersey: *Mylan Pharmaceuticals, Inc. et al v. Novartis Pharmaceuticals Corporation*, Civil Action No. 2:18-cv-12022; *Mylan Pharmaceuticals, Inc. v. Celgene Corporation*, Civil Action No. 2:14-cv-02094; and *Mylan Inc. et al. v. Apotex Inc. et al.*, Civil Action No. 3:14-cv-04560.

15. Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc. consented to or did not contest the jurisdiction of this Court in at least the following District of New Jersey actions: *Valeant Pharmaceuticals International, Inc. et al. v. Mylan Pharmaceuticals, Inc. et al.*, Civil Action No. 2:15-cv-8180 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); *Baxter Healthcare Corp. et al. v. Agila Specialties Private Limited et al.*, Civil Action No. 1:14-cv-07094 (Mylan Pharmaceuticals and Mylan Labs); *Horizon Pharma, Inc., et al. v. Mylan Pharmaceuticals Inc., et al.*, Civil Action No. 3:15-cv-03327 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); *Astrazeneca AB et al. v. Mylan Pharmaceuticals Inc. et al.*, Civil Action No. 3:13-cv-04022 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); and *Janssen Products, L.P. et al. v. Lupin Limited et al.*, Civil Action No. 2:10-cv-05954 (Mylan Pharmaceuticals and Mylan Inc.).

16. Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc. availed themselves of the rights, benefits, and privileges of this Court by asserting counterclaims in at least the following prior District of New Jersey actions: *Baxter Healthcare Corp. et al. v. Agila Specialties Private Limited et al.*, Civil Action No. 1:14-cv-07094 (Mylan Pharmaceuticals and Mylan Labs); *Horizon Pharma, Inc., et al. v. Mylan Pharmaceuticals Inc., et al.*, Civil Action No. 3:15-cv-03327 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); *Astrazeneca AB et al. v. Mylan Pharmaceuticals Inc. et al.*, Civil Action No. 3:13-cv-04022 (Mylan Pharmaceuticals, Mylan Labs, and Mylan Inc.); and *Janssen Products, L.P. et al. v. Lupin Limited et al.*, Civil Action No. 2:10-cv-05954 (Mylan Pharmaceuticals and Mylan Inc).

17.     Mylan knows or should know that Jublia® is manufactured for Bausch, formerly known as Valeant Pharmaceuticals North America LLC, in Bridgewater, NJ 08807 USA at least because that information is included in the label and prescribing information for Jublia®.

18.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

## THE PATENT IN SUIT

19.     The United States Patent and Trademark Office ("PTO") issued the '640 patent on December 24, 2019.  The '640 patent claims, generally speaking, *inter alia*, methods of treatment of onychomycosis comprising topically applying pharmaceutical formulations including ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate and a triazole antifungal agent. Plaintiffs hold all substantial rights in the '640 patent and have the right to sue for infringement thereof.  The '640 patent is valid and enforceable.  A copy of the '640 patent is attached hereto as Exhibit A.

20.     The PTO issued the '875 patent on July 9, 2019.  The '875 patent claims, generally speaking, *inter alia*, methods of treatment of onychomycosis comprising topically applying pharmaceutical formulations including ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate, butylated hydroxytoluene (BHT), a salt of ethylenediaminetetraacetic acid (EDTA), citric acid and a triazole antifungal agent.  Plaintiffs hold all substantial rights in the '875 patent and have the right to sue for infringement thereof.  The '875 patent is valid and enforceable.  A copy of the '875 patent is attached hereto as Exhibit B.

21.     The PTO issued the '601 patent on November 19, 2019.  The '601 patent claims, generally speaking, *inter alia*, drug applicators with specific physical characteristics, and methods of using said applicators to treat, among other diseases, tinea unguium (onychomycosis).  Plaintiffs

hold all substantial rights in the '601 patent and have the right to sue for infringement thereof. The '601 patent is valid and enforceable. A copy of the '601 patent is attached hereto as Exhibit C.

22. Bausch Americas is the holder of New Drug Application ("NDA") No. 203567 for Jublia®, which the FDA approved on June 6, 2014. In conjunction with NDA No. 203567, the '640 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

23. Efinaconazole topical solution, 10% is sold in the United States under the trademark Jublia®.

### MYLAN'S INFRINGING ANDA SUBMISSION

24. Upon information and belief, Mylan Pharmaceuticals filed or caused to be filed with the FDA ANDA No. 212064, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

25. Upon information and belief, Mylan Pharmaceuticals' ANDA No. 212064 seeks FDA approval to sell in the United States Mylan's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

26. Plaintiffs received a letter dated January 28, 2020 from Mylan purporting to be a Notice of Certification for ANDA No. 212064 ("Mylan's notice letter") under Section 505(j)(2)(B)(ii), 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(c) that included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

27. Mylan's notice letter alleges that Mylan Pharmaceuticals has submitted to the FDA ANDA No. 212064 seeking FDA approval to sell Mylan's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

28. Upon information and belief, ANDA No. 212064 seeks approval of Mylan's generic efinaconazole topical solution that is the same, or substantially the same, as Jublia®.

## COUNT I AGAINST MYLAN

### Infringement of the '640 Patent under § 271(e)(2)

29. Paragraphs 1–28 are incorporated herein as set forth above.

30. Under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '640 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212064 seeking approval for the commercial marketing of Mylan's generic efinaconazole topical solution before the expiration date of the '640 patent.

31. Upon information and belief, Mylan's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '640 patent.

32. Upon information and belief, Mylan will, through the manufacture, use, import, offer for sale, and/or sale of Mylan's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '640 patent.

33. If Mylan's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '640 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II AGAINST MYLAN

### Declaratory Judgment of Infringement of the '640 Patent

34. Paragraphs 1–33 are incorporated herein as set forth above.

35. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

36. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this

actual case or controversy requires a declaration of rights by this Court.

37. Mylan has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Mylan's generic efinaconazole topical solution before the expiration date of the '640 patent, including Mylan's filing of ANDA No. 212064.

38. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '640 patent.

39. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will constitute infringement of at least one claim of the '640 patent.

## COUNT III AGAINST MYLAN

### Infringement of the '875 Patent under § 271(e)(2)

40. Paragraphs 1–39 are incorporated herein as set forth above.

41. Under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '875 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212064 seeking approval for the commercial marketing of Mylan's generic efinaconazole topical solution before the expiration date of the '875 patent.

42. Upon information and belief, Mylan's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '875 patent.

43. Upon information and belief, Mylan will, through the manufacture, use, import, offer for sale, and/or sale of Mylan's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '875 patent.

44.     If Mylan's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '875 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV AGAINST MYLAN

### Declaratory Judgment of Infringement of the '875 Patent

45.     Paragraphs 1–44 are incorporated herein as set forth above.

46.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

47.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

48.     Mylan has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Mylan's generic efinaconazole topical solution before the expiration date of the '875 patent, including Mylan's filing of ANDA No. 212064.

49.     Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '875 patent.

50.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will constitute infringement of at least one claim of the '875 patent.

## COUNT V AGAINST MYLAN

### Infringement of the '601 Patent under § 271(e)(2)

51.     Paragraphs 1–50 are incorporated herein as set forth above.

52.     Under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '601 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212064 seeking approval for the commercial marketing of Mylan's generic efinaconazole topical solution before the expiration date of the '601 patent.

53.     Upon information and belief, Mylan's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '601 patent.

54.     Upon information and belief, Mylan will, through the manufacture, use, import, offer for sale, and/or sale of Mylan's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '601 patent.

55.     If Mylan's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '601 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI AGAINST MYLAN

### Declaratory Judgment of Infringement of the '601 Patent

56.     Paragraphs 1–55 are incorporated herein as set forth above.

57.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

58.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this

actual case or controversy requires a declaration of rights by this Court.

59.    Mylan has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Mylan's generic efinaconazole topical solution before the expiration date of the '601 patent, including Mylan's filing of ANDA No. 212064.

60.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '601 patent.

61.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's generic efinaconazole topical solution will constitute infringement of at least one claim of the '601 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Mylan on the patent infringement claims set forth above and respectfully request that this Court:

1.    enter judgment that, under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '640 patent by submitting or causing to be submitted ANDA No. 212064 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Mylan's generic efinaconazole topical solution before the expiration of the '640 patent;

2.    enter judgment that, under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '875 patent by submitting or causing to be submitted ANDA No. 212064 to the FDA

13

to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Mylan's generic efinaconazole topical solution before the expiration of the '875 patent;

3.    enter judgment that, under 35 U.S.C. § 271(e)(2), Mylan has infringed at least one claim of the '601 patent by submitting or causing to be submitted ANDA No. 212064 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Mylan's generic efinaconazole topical solution before the expiration of the '601 patent;

4.    order that the effective date of any approval by the FDA of Mylan's generic efinaconazole topical solution be a date that is not earlier than the expiration of the '640 patent, the '875 patent, and the '601 patent, or such later date as the Court may determine;

5.    enjoin Mylan from the commercial manufacture, use, import, offer for sale, and/or sale of Mylan's generic efinaconazole topical solution until expiration of the '640 patent, the '875 patent, and the '601 patent, or such later date as the Court may determine;

6.    enjoin Mylan and all persons acting in concert with Mylan from seeking, obtaining, or maintaining approval of Mylan's ANDA No. 212064 until expiration of the '640 patent, the '875 patent, and the '601 patent; and

7.    declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees; and

8.    award Plaintiffs such further and additional relief as this Court deems just and proper.

14

Dated: March 12, 2020               Respectfully submitted,
        Newark, New Jersey

                                    s/ William P. Deni, Jr.
                                    William P. Deni, Jr.
                                    Charles H. Chevalier
                                    J. Brugh Lower
                                    **GIBBONS P.C.**
                                    One Gateway Center
                                    Newark, New Jersey 07102
                                    Tel: (973) 596-4500
                                    Fax: (973) 596-0545
                                    wdeni@gibbonslaw.com
                                    cchevalier@gibbonslaw.com
                                    jlower@gibbonslaw.com

                                    *Attorneys for Plaintiffs*

**Of Counsel:**

Thomas P. Steindler (*pro hac vice* to be submitted)
Nicole M. Jantzi (*pro hac vice* to be submitted)
Paul M. Schoenhard (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
Christopher M. Bruno (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

*Attorneys for Plaintiffs*
*Bausch Health US, LLC f/k/a Valeant*
*Pharmaceuticals North America LLC,*
*Bausch Health Ireland Limited f/k/a Valeant*
*Pharmaceuticals Ireland Ltd., and*
*Bausch Health Americas, Inc. f/k/a Valeant*
*Pharmaceuticals International*

John D. Livingstone (*pro hac vice* to be submitted)
Samhitha M. Medatia (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

15

Naoki Yoshida (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome, Minato-ku
Tokyo, 105-6033 Japan
+81-3-3431-6943

Cora R. Holt (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Plaintiff
Kaken Pharmaceutical Co., Ltd.*

16

## CERTIFICATION OF NON-ARBITRABILITY
## PURSUANT TO LOCAL CIVIL RULE 201.1(d)

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this

action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: March 12, 2020                         Respectfully submitted,
      Newark, New Jersey

                                               s/ William P. Deni, Jr.
                                             William P. Deni, Jr.
                                             **GIBBONS P.C.**
                                             One Gateway Center
                                             Newark, New Jersey 07102
                                             Tel: (973) 596-4500
                                             Fax: (973) 596-0545
                                             wdeni@gibbonslaw.com

                                             *Attorneys for Plaintiffs*

17